# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENEVILLE DIVISION

| | |
|---|---|
| Securities and Exchange Commission, ) | Civil Action No.: 6:11-mc-00041-HMH-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Gary White, ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Charles Lecroy and Douglas MacFaddin, ) | |
| ) | |
| Defendants. ) | |

## SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO GARY WHITE'S MOTION AND AMENDED MOTION TO QUASH SUBPOENA

The Court should deny Gary White's Motion (and his Amended Motion) to Quash the subpoena of Plaintiff Securities and Exchange Commission for White's deposition. White has not showed the subpoena constitutes an undue burden on him. As we demonstrate below, the Commission properly served a validly issued subpoena on White in the District of South Carolina. The deposition is to take place at the federal correctional institute in South Carolina where White is currently being held. White is a former Jefferson County, Alabama Commissioner with relevant knowledge of the facts at issue in the lawsuit in which the Commission served the subpoena. For all of these reasons, the Court should deny White's motion and amended motion to quash the subpoena.

### FACTUAL AND PROCEDURAL BACKGROUND

The Commission filed a lawsuit in the Northern District of Alabama in November 2009 against two former managing directors of J.P. Morgan Securities. The 116-paragraph complaint

alleges the two former managing directors, Charles LeCroy and Douglas MacFaddin, arranged $8.2 million in payments by J.P. Morgan to friends of commissioners in Jefferson County, Alabama in 2002 and 2003. The payments were to ensure J.P. Morgan won bond underwriting and swap agreement business from Jefferson County. In some cases, the complaint alleges, LeCroy and MacFaddin arranged the payments at the request of certain commissioners. The broker-dealers whom MacFaddin and LeCroy arranged to pay had no official role in the transactions and performed few, if any, services despite the hefty fees they received – facts that dozens of taped telephone conversations and e-mails show LeCroy and MacFaddin knew.

As a result, the complaint alleges LeCroy and MacFaddin violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Exchange Act Rule 10b-5, and Rules G-17 and G-20 of the Municipal Securities Rulemaking Board ("MSRB") (through Exchange Act Section 15B(c)(1)).

As White himself acknowledges, he was a Jefferson County commissioner when all of the payments at issue were arranged and made. ECF No. 1 at ¶ 20 (acknowledging he was a commissioner from at least 2002 through 2006). He further acknowledges he was president of the County Commission in 2002. *Id.* In addition, White was a member of the County Commission finance committee during 2002 and 2003. The finance committee had an instrumental role in awarding County bond and swap business. Thus, the Commission intends to depose White to find out what knowledge, if any, he has of the payments that were arranged during his time as a County commissioner.

To that end, the Commission issued a subpoena on February 17, 2011 for White's deposition. The subpoena is attached as the second page of Exhibit 1. Pursuant to the requirements of Rule 45 of the Federal Rules of Civil Procedure, the Commission issued the

2

subpoena in the District of South Carolina, where White currently is incarcerated and where the deposition will take place:

> A subpoena must issue as follows:
>
> . . . . . .
>
> (B) for attendance at a deposition, from the court for the district where the deposition is to be taken;

Fed. R. Civ. P. 45(a)(2)(B). The Edgefield County Sheriff's Office served the subpoena on White on March 10, 2011. Exhibit 1 at Page 3.

## THE SUBPOENA DOES NOT PLACE AN UNDUE BURDEN ON WHITE

Rule 45(c) sets forth the conditions under which a court must or may quash a subpoena. Generally, it provides that a court shall quash a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv); *American Security Ins. Co. v. McDonald*, Case No. 2:06-cv-273, 2007 WL 1853857 at *1 (W.D.N.C. June 26, 2007) (denying motion to quash subpoena because depositions were reasonably calculated to lead to discoverable information and deponents lived within driving distance of deposition location).

The Court must also quash a subpoena if it: fails to allow a reasonable time to comply; requires a person who is neither a party nor an officer of a party to travel more than 100 miles; or requires disclosure of privileged information. Fed. R. Civ. P. 45(c)(3); *Walker v. Blitz USA, Inc.*, Case No. 5:08MC15, 2008 WL 5210660 at *2 (N.D. W.Va. 2008). None of those reasons are present here. The subpoena was served on White more than six weeks in advance of the scheduled deposition, the deposition is occurring where White is incarcerated, and White has not showed the deposition will require him to disclose privileged information.[1]

---

[1] Rule 45 also provides that a court *may* quash a subpoena under several circumstances not applicable here: it requires disclosure of a trade secret, requires disclosure of an unretained expert's opinion, or requires a non-party to incur substantial expense. Fed. R. Civ. P. 45(c)(3)(B).

3

It is important to note it is White's burden to demonstrate the subpoena does not comply with the requirements of Rule 45 or imposes an undue burden on him. *Vaughan Furniture Co. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 125 (M.D.N.C. 1994) (when a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome).

White has not met his burden. Although he objects on several grounds, none provide the Court any reason to conclude the deposition will place an undue burden on White. We briefly list White's objections and our responses.

Jurisdictional Grounds. White is correct the underlying action is pending in the Northern District of Alabama, but that does not require the Court to quash the subpoena. As discussed above, the Commission validly issued the subpoena in the District of South Carolina, where the deposition is to occur, as Rule 45 requires. Thus, there are no jurisdictional grounds for the Court to quash the subpoena.

Improper Service. White objects to service of the subpoena on the grounds that *he* was not sure who served it on him. Motion to Quash (ECF No. 1) at ¶¶ 3, 16. However, as Exhibit 1 shows, an Edgefield County deputy sheriff properly served the subpoena on White. Therefore, the Court should deny the motion to quash on these grounds.

White is not a party. As discussed above, Rule 45 specifically provides for service of a subpoena on a non-party.

Undue burden. Although White states the subpoena places an undue burden on him, he does not state any grounds that would justify quashing it. The vast majority of his complaints in both the Motion and Amended Motion to Quash have to do with the conditions of his imprisonment and his prosecution. Whether true or not, White's assertions about his treatment

4

have nothing to do with the subpoena or his deposition, and he has not showed the subpoena has any bearing on those conditions. White's complaints about his incarceration and the alleged political prosecution against him are best addressed in another forum.

White complains he remembers little about his service as a Jefferson County commissioner, and that he retains the right to assert his Fifth Amendment privilege against self-incrimination. Neither of those statements is a reason for the Court to prevent the Commission from taking the deposition. White acknowledges he was a commissioner during the time of the events alleged in the Commission's complaint, and even was president of the County commission during part of that time. Accordingly, the Commission has the right under the rules providing for broad discovery to question White about those events. Indeed, the Commission has already taken the deposition of three other County commissioners during the same time period for the same reason.

Whether White has any knowledge of the payments, remembers the events, or chooses to assert his Fifth Amendment privilege are matters we cannot know until we are allowed to take the deposition and put specific questions to White. They are not reasons to halt the deposition in its entirety.

## **CONCLUSION**

For all of the forgoing reasons, the Securities and Exchange Commission asks the Court to deny White's motion to quash our deposition subpoena, and allow the deposition to proceed as scheduled on April 27, 2011.

          Respectfully submitted,

          WILLIAM N. NETTLES
          UNITED STATES ATTORNEY

By:    *s/Barbara M. Bowens*
       BARBARA M. BOWENS (#4004)
       Assistant United States Attorney
       1441 Main Street, Suite 500
       Columbia, South Carolina 29201
       Telephone: (803) 929-3000
       *Local Counsel for Plaintiff*

       *Robert K. Levenson*
       Robert K. Levenson
       Regional Trial Counsel
       Florida Bar No. 0089771
       Securities and Exchange Commission
       801 Brickell Avenue, Suite 1800
       Miami, FL 33131
       Telephone: (305) 982-6341
       Facsimile: (305) 536-4154
       Email: Levensonr@sec.gov
       *Counsel for Plaintiff*

April 20, 2011

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that she has caused service of the attached **RESPONSE TO GARY WHITE'S MOTION AND AMENDED MOTION TO QUASH SUBPOENA** by a legal assistant employed in the Office of the United States Attorney for the District of South Carolina and is a person of such age and discretion as to be competent to serve papers.

That on April 20, 2011, my legal assistant served a copy of the foregoing document via the court's e-noticing system or, if that means failed, by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address, and by depositing said envelope and contents in the United States Mail at U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201.

The undersigned also certifies that she has provided the Movant with a copy of any unpublished decisions which are cited herein.

    Gary White                                    (U.S. Mail)
    Reg. No. 26784-001
    FCI Edgefield
    P.O. Box 724
    Edgefield, SC 29824

    Gary White                                    (U.S. Mail)
    7032 Greenwood Lane
    Leeds, AL 35094

    Lisa A. Mathewson, Esq.                 (U.S. Mail)
    The Law Offices of Lisa A. Mathewson, LLC
    123 South Broad Street, Suite 810
    Philadelphia, PA 19109
    (215) 399-9592
    Lam@mathewson-law.com
    *Counsel for Charles LeCroy*

6:11-mc-00041-HMH-KFM     Date Filed 04/20/11    Entry Number 20     Page 7 of 8

William N. Clark, Esq.                          (U.S. Mail)
Redden, Mills & Clark, LLP
940 Financial Center
505 20th Street North
Birmingham, AL 35203
(205) 322-0457
wnc@rmclaw.com
*Co-Counsel for Charles LeCroy*

Robert E. Welsh, Jr., Esq.                      (U.S. Mail)
WELSH & RECKER, PC
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430
*Co-Counsel for Charles LeCroy*

Richard F. Lawler, Esq.                         (U.S. Mail)
Caleb Turner, Esq.
Michael Friedman, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
Rlawler@winston.com
cturner@winston.com
mfriedman@winston.com
*Counsel for Douglas MacFaddin*

W. Percy Badham III, Esq.                       (U.S. Mail)
Brannon J. Buck, Esq.
Brett A. Ialacci, Esq.
Badham & Buck, LLC
2585 Wachovia Tower
420 20th Street North
Birmingham, AL 35203
*Counsel for Douglas MacFaddin*

                                                *s/Barbara M. Bowens*
                                                Barbara M. Bowens (#4004)
                                                Assistant United States Attorney